**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ROBERT A. DAUGHTRY,

                Plaintiff,

-vs-                                                    Case No.  2:12-CV-307-FTM-99SPC

RANDY L. WILLIAMS, U.S. DEPT. OF THE
TREASURY- INTERNAL REVENUE SERVICE,
and DOES 1-3,

                Defendants.
_____/

**ORDER**

This matter comes before the Court on the Plaintiff, Robert Daughtry's ("Daughtry"), Motion for Entry of Clerk's Default against Defendant, Randy L. Williams ("Williams"), (Doc. # 12) filed on July 5, 2012.  Plaintiff moves for an entry of clerk's default against Defendant Williams who is an inmate at the Charlotte County Jail, for failure to respond to the Complaint within 21 days as allowed by the Federal Rules.  However, before a clerk can enter default, the court must determine whether service of process was valid.  See Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 864 (11th Cir. Feb. 22, 2007).  Pursuant to Fed. R. Civ. P. 4(e)(2), a plaintiff can effect service in any judicial district court of the United States by "delivering a copy of the summons and complaint to the individual personally."

Here, Daughtry filed a Complaint to quiet title, for partition of real property, against Williams on June 4, 2012. (Doc. # 1). The proof of service (Doc. # 3) maintains that Daughtry, acting through Youngblood Process Service, personally served Williams with a copy of the summons and Complaint on June 11, 2012, at the Charlotte County Jail. (Doc. # 3).

Additionally, the Certificate of Service on Daughtry's pleadings and motions, indicate that he has served Williams with pleadings and motions filed in this case at the following address:

> Randy L. Williams
> Charlotte County Jail
> 26601 Airport Road
> Punta Gorda, FL 33982

There is no indication that mail has been returned as undeliverable from this address. Therefore, because Williams was personally served with a copy of the summons and complaint, service was effective under the Federal Rules of Civil Procedure.

Now that it has been established that service was proper, the Court will evaluate the Federal Rules of Civil Procedure in regard to a defendant who fails to answer a complaint. Under Fed. R. Civ. P. 55 (a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default." Under the Federal Rules, an answer to Plaintiff's Complaint was due to be filed within 21 days. To date, Williams has not filed a responsive pleading. Thirty days have passed since Daughtry served Williams on June 11, 2012. As such, Daughtry's Motion is granted pursuant to Federal Rule 55(a).

Accordingly, it is now

**ORDERED:**

Plaintiff, Robert A. Daughtry's, Motion for Entry of Clerk's Default against Randy Williams (Doc. # 11) is **GRANTED**. The Clerk of Court is directed to enter a clerk's default against Defendant Williams **ONLY**.

**DONE** and **ORDERED** in Fort Myers, Florida this  12th   day of July, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

Randy Williams
Charlotte County Jail
26601 Airport Road
Punta Gorda, FL 33982